UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER DUPREE (#509857)

VERSUS                                                CIVIL ACTION

WARDEN LANE THOMAS, ET AL                             NUMBER 09-714-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within fourteen days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 14, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER DUPREE (#509857)

VERSUS                                                      CIVIL ACTION

WARDEN LANE THOMAS, ET AL                    NUMBER 09-714-RET-SCR

MAGISTRATE JUDGE'S REPORT

This case is before the court on the order to the plaintiff to show cause why his complaint should not be dismissed for failure to pay the court's initial partial filing fee.  Record document number 8.

On September 8, 2009, the plaintiff was ordered within 20 days to pay an initial partial filing fee in the amount of $121.58.  Record document number 7.  Plaintiff was placed on notice that it was his responsibility to pay the filing fee; prison officials were not ordered to forward the money to the Clerk of Court.

On November 9, 2009, the plaintiff was ordered to show cause on November 27, 2009, why his complaint should not be dismissed for failure to pay the initial partial filing fee.  In addition to filing a written response, the plaintiff was ordered to file copies of his inmate account statements for the months of June, July, August, September, October and November 2009.  Although the plaintiff was placed on notice that failure to comply with the show cause order may result in the dismissal of his complaint, he failed to respond to the court's order.

Plaintiff offered no explanation why he failed to pay the initial partial filing fee as ordered.  Additionally, he failed to file monthly account statements.  The monthly account statements contain information regarding the plaintiff's daily account activity.  Specifically, the account statements contain information regarding deposits, withdrawals and canteen purchases.  The information contained in the monthly statements would show whether the plaintiff had money to spend following the issuance of the order to pay the filing fee and whether the plaintiff spent the money on something other than the filing fee.

Because the plaintiff failed to pay the court's initial partial filing fee or file the account statements for the months of June through November 2009 as ordered, the complaint should be dismissed without prejudice.[1]

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to pay the court's filing fee.

Baton Rouge, Louisiana, December 14, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the events about which the plaintiff complained occurred in May and June 2009, and he can file another complaint based on these events before his claim is prescribed, dismissal of his complaint without prejudice does not have the effect of a dismissal with prejudice.